

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00385-CR

**KRISTEN EILEEN BROWN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2017-937-C1

## MEMORANDUM OPINION

Kristen Eileen Brown was charged with, and convicted of, compelling the prostitution of her own child. *See* TEX. PENAL CODE § 43.05(a)(2). In one issue, Brown asserts the trial court abused its discretion in permitting the introduction of extraneous offense evidence without the State having provided notice to Brown as required by article 38.37 of the Texas Code of Criminal Procedure. Because the trial court did not abuse its discretion, the trial court's judgment is affirmed.

During trial, the State moved to offer the medical report of the medical advisor at

the Advocacy Center for Crime Victims and Children who had conducted a medical examination of Brown's child. Brown objected to the third paragraph on the first page of the report and its reference to an incident that happened in the State of Wisconsin. Brown objected on the basis that the incident was an extraneous offense which may be admissible under article 38.37 of the Code of Criminal Procedure, but that the required notice was not given by the State. The objection was overruled. Brown argues on appeal that the trial court abused its discretion in overruling this objection.

We review the trial court's decision to admit or exclude evidence, even extraneous offense evidence, for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016); *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). The trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Henley*, 493 S.W.3d at 83.

The State argues, as it did in the trial court, that because the Wisconsin incident was not committed by Brown, but by another individual, the evidence is not governed by article 38.37 and no notice was required.

Article 38.37 provides that evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including the state of mind of the defendant and the child; and the previous and subsequent relationship between the defendant and the child. TEX. CODE CRIM. PROC. art. 38.37, sec. 1, (b). Notice of the State's intent to introduce such evidence in its case in chief is required. *Id*. sec. 3.

The operative phrase in this statute which is at issue in this appeal is, "by the

defendant." Other crimes or wrongs or acts committed *by the defendant* against the child requires notice. In this case, the crime, wrong, or act against the child in Wisconsin was not committed by Brown—it was committed by another individual. Thus, it is not governed by article 38.37 and its notice requirement. Brown has not provided us with any authority that notice is required under article 38.37 when the crime, wrong, or act is committed by someone other than the defendant. Accordingly, the trial court did not abuse its discretion in admitting the evidence over Brown's article 38.37 notice objection, and Brown's sole issue is overruled.

Because we have overruled Brown's sole issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed February 9, 2022
Do not publish
[CRPM]

